## (June 12, 1944.)

EMDEE MANAGEMENT CORPORATION, Plaintiff, v. ADOLF KAUFMAN et al., as Trustees under a Declaration of Trust and Plan of Reorganization of New York Title and Mortgage Company Series B-1 Mortgage Investments, Defendants.

MEMORANDUM BY THE COURT. Submission of a controversy upon an agreed statement of facts pursuant to sections 546–548 of the Civil Practice Act. The question involved is whether interest currently payable on defendants' past due mortgage shall be at the rate of 6%, as contended by defendants, or 4½%, as contended by plaintiff.

Judgment directed in favor of plaintiff, with costs. (*Brighton Operating Corp.* v. *Morrison,* 291 N. Y. 6.)

LEWIS, J. (dissenting). I dissent and vote to direct judgment for defendants, with costs.

The interest provided for in the extension and modification agreement was expressly fixed by the parties at the rate of 6% per annum. The mortgagees agreed to accept interest at the lower rate of 4½% during the period of the extension agreement upon condition that during such period the owners made certain mandatory payments of principal and otherwise performed all the terms and conditions of the bonds and mortgages, as modified by the agreement. Concededly, the provision for payment of the principal on January 1, 1943, the maturity date of the extended mortgage, has not been complied with. The mortgagees were, therefore, under no obligation to continue to " accept in lieu of quarter-annual interest payments computed at the rate of six per centum (6%) per annum, quarter-annual interest payments computed at the rate of four and one-half per centum (4½%) per annum."

*Brighton Operating Corp.* v. *Morrison* (291 N. Y. 6) is distinguishable. There a definite reduction of interest was granted with a proviso that interest should *revert* to a 6% rate if certain conditions, including the payment of principal at maturity, were not complied with. While the purpose of the mortgagees in the *Brighton* case may have been the same as that of the mortgagees here, they there failed to preserve the interest rate at 6%. Reversion of the rate to 6% would have meant an *increase* in the interest rate. Here the rate has always been 6%. The mortgagees merely accepted payment at a lower rate during the period of the extension agreement and while its conditions were being performed. Although the moratorium provisions protect the owner against foreclosure for nonpayment of principal, they do not seem to justify the remaking of the terms and conditions of an agreement upon which interest is to be accepted at a reduced rate. Here the mortgagees have insisted merely upon the interest agreed upon. They do not seek to "increase" the interest rate. They refuse only to continue to "accept" interest at a reduced rate because one of the conditions (payment of the principal on its extended due date) has not been fulfilled.

Hagarty, Acting P. J., Carswell, Adel and Aldrich, JJ., concur; Lewis, J., dissents and votes to direct judgment for defendants, with costs, with opinion.

Judgment directed in favor of plaintiff, with costs.